UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(TAMPA DIVISION)

CASE NO.

AUTO-OWNERS INSURANCE
COMPANY,

      Plaintiff,

      v.

COMBEE ENTERPRISES, INC.; VIRGINIA YOUNG,
Individually; VIRGINIA YOUNG, as the guardian of the
property and person of DAVID L. YOUNG, an incapacitated
person; NATASHA A. MCCOY; AVIS; BUDGET GROUP, INC.;
AND PV HOLDING CORPORATION,

      Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Auto-Owners Insurance Company (hereinafter "Auto-Owners") by and through undersigned counsel, files this Complaint for Declaratory Judgment against Defendants, Combee Enterprises, Inc. ("Combee Enterprises"), Virginia Young, individually, and Virginia Young as the guardian of the property and person of David L. Young, an incapacitated person (collectively, the "Youngs"), Natasha A. McCoy ("McCoy"), Avis Budget Group, Inc. ("Avis"), and PV Holding Corporation ("PV Holding"), and alleges as follows:

### JURISDICTION & VENUE

1. This is an action for Declaratory Relief to determine coverage under an insurance policy.

2. This Court has jurisdiction under 28 U.S.C § 1332 because the citizenship of Plaintiff and each Defendant is diverse and the amount in controversy exceeds $75,000.00.

3. Furthermore, jurisdiction is invoked pursuant to 28 U.S.C. § 2201 which provides that "in a case of actual controversy within its jurisdiction ... any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested parties seeking such declaration, whether or not further relief is or could be sought."

4. The amount in controversy is well in excess of $75,000, to wit, the plaintiff in the underlying auto negligence lawsuit, upon which this lawsuit is based, has become incapacitated as a result of the accident, requiring his wife to be appointed as guardian of his person and property. He suffered a closed head injury with memory issues and vision pathology, kidney laceration, closed fracture of left femur, closed bilateral tibial fractures, scalp laceration, and acute blood loss. He is alleging over $8 million in project costs of future care.

5. Additionally, the Auto-Owners policy at issue contains $1 million in coverage.

6. Venue is proper in this division of the Middle District Court of Florida pursuant to 28 U.S.C. §1391 (b), (c), and (d) in that the acts, events and omissions upon which this Declaratory action is based, occurred in the Middle District of Florida; the Underlying Action is venued in Polk County (Florida) Circuit Court, and the policy was issued in the Middle District of Florida.

## PARTIES & INTRODUCTION

7. Auto-Owners issued a CGL Policy of insurance to Combee Enterprises.

8. At all times material hereto Auto-Owners was and is a Michigan Corporation, incorporated in the State of Michigan, and having its principal place of business in Lansing, Michigan, and is therefore a citizen of Michigan.

9. At all times material hereto Combee Enterprises was and is a Florida Corporation, incorporated in the State of Florida and having its principal place of business in Lakeland, Florida and is therefore a citizen of Florida.

10. Combee Enterprises employed the driver involved in the subject accident.

11. At all times material hereto Virginia Young was and is a citizen of the State of Florida.

12. Virginia Young is an interested party as she is a plaintiff in the underlying lawsuit on which this lawsuit is based.

13. At all times material hereto Natasha McCoy was and is a citizen of the State of Florida.

14. Natasha McCoy is an interested party as she is a defendant in the underlying lawsuits on which this lawsuit is based.

15. At all times material hereto Avis was and is a Delaware Corporation, incorporated in the State of Delaware and having its principal place of business in New Jersey. Therefore, Avis is a citizen of Delaware and New Jersey.

16. Avis is an interested party as it is a defendant in the underlying lawsuit on which this lawsuit is based.

17. At all times material hereto PV Holding was and is a Delaware Corporation, incorporated in the State of Delaware and having its principal place of business in New Jersey. Therefore, PV Holding is a citizen of Delaware and New Jersey.

18. PV Holding is an interested party as it is the owner of the accident vehicle involved in the accident that is at issue in the underlying lawsuit on which this lawsuit is based.

19. The Youngs filed a lawsuit against Combee Enterprises, Natasha McCoy, and Avis Budget Group, in Polk County Case #2016-CA-004053. (the "Young Lawsuit").

20. The Young Lawsuit is currently operating under a Third Amended Complaint, which is the operative complaint. (**Exhibit "A"**, Third Amended Complaint in Young Lawsuit").

21. There is currently a pending Motion for Leave to Amend the Complaint in the underlying lawsuit which adds PV Holding as a party defendant. (**Exhibit "B"** Motion for Leave to File Fourth Amended Complaint and proposed Fourth Amended Complaint).

22. The Young Lawsuit alleges that Natasha McCoy was negligent in causing the automobile accident which resulted in bodily injuries to David Young.

23. The Young Lawsuit alleges that, at the time of the accident, Natasha McCoy was driving a vehicle owned by Avis and/or PV Holding (which is company owned by Avis).

24. The Young Lawsuit alleges that at the time of the accident, Natasha McCoy was an employee of Combee Enterprises, acting within the course and scope of her employment for Combee Enterprises.

25. The Young Lawsuit alleges that Avis entrusted the subject vehicle to Combee Enterprises, who entrusted it to McCoy.

26. The Young Lawsuit contains the following counts against Combee Enterprises:

   a. Vicarious Liability based on Respondeat Superior
   b. Vicarious Liability based on dangerous instrumentality arising out of bailment;
   c. Direct and independent liability for negligent entrustment; and
   d. Consortium claim.

27. Auto-Owners issued a Commercial General Liability ("CGL") policy to Combee Enterprises, Inc. ("Combee Enterprises"), policy #054682-20677659, effective February 1, 2016-February 1, 2017, with an each occurrence limits in the amount of $1 million. (**Exhibit "C"**, Auto-Owners CGL Policy).

28. The Auto-Owners CGL Policy is not an automobile liability policy and does not contain any sort of "Hired and Non-owned Auto Liability" coverage.

29. Combee Enterprises has submitted a claim to Auto-Owners for coverage in regards to the allegations alleged against it in the Young Lawsuit.

30. Auto-Owners is providing a defense to Combee Enterprises under a Reservation of Rights and is uncertain as to whether the damages alleged against Combee Enterprises are covered under its policy.

31. Auto-Owners interests in this declaration of rights are actual, present, adverse and antagonistic to the Defendants, as Auto-Owners believes that there is no coverage under the policy.

32. Auto-Owners seeks this declaratory relief in order to determine and enforce contractual/legal rights under the above policy of insurance and the applicable law, and not merely to seek legal advice from this Honorable Court.

## COUNT I - DECLARATORY RELIEF REGARDING COVERAGE FOR COMBEE ENTERPRISES UNDER THE AUTO-OWNERS CGL POLICY FOR THE YOUNG LAWSUIT

33. Auto-Owners repeats and restate the allegations set forth in paragraphs 1-32, above, as if fully stated herein.

34. The Auto-Owners policy contains the following exclusion under Section 2., Exclusions:

This insurance does not apply to:

**g. Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, **use** or **entrustment to others of any** aircraft, **"auto"** or watercraft owned or **operated by** or rented or **loaned** to **any insured**. Use includes operation and "loading and unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, **use** or **entrustment** to others

> of any aircraft, **"auto"** or watercraft that is owned
> or **operated by** or rented or loaned to **any
> insured.** (emphasis added)

35. Under Section II – Who is an Insured, the policy provides:

   > 2. Each of the following is also an insured:
   >
   > a. Your "employees", other than either your "executive
   > officers" (if you are an organization other
   > than a partnership, joint venture or limited liability
   > company) or your managers (if you are a
   > limited liability company), but only for acts within
   > the scope of their employment by you or while
   > performing duties related to the conduct of your
   > business, . . .

36. The Young Lawsuit alleges that at the time of the accident Natasha McCoy was an employee of Combee Enterprises, acting with the course and scope of her employment.

37. Therefore, she would be considered an "insured" under the Auto-Owners policy.

38. The Young Lawsuit alleges that Natasha McCoy negligently operated a motor vehicle, resulting in the accident and injuries to the underlying plaintiffs.

39. The Auto-Owners policy specifically excludes coverage for "bodily injury" arising out of the use of any "auto" operated by or rented or loaned to any insured.

40. Additionally, the Young Lawsuit alleges that the auto operated by McCoy was entrusted to Combee Enterprises.

41. The Auto-Owners policy specifically excludes coverage for bodily injury" arising out of the use or entrustment to others of any "auto" rented or loaned to any insured.

42. Therefore, there is no coverage under the Auto-Owners CGL Policy for the damages alleged in the Young Lawsuit.

WHEREFORE, Plaintiff, Auto-Owners respectfully requests that the Court grant the following relief:

(a) Take Jurisdiction over this matter;

(b) Enter an order that there is no coverage under Auto-Owners policy #054682-20677659, for any damages alleged in the Young Lawsuit.

(c) Enter an order that Auto-Owners has no duty to defend Combee Enterprises under policy #054682-20677659, for any damages alleged in the Young Lawsuit.

(d) Award any other relief deemed just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated this 15th day of January, 2020.

                                          s/ Carri S. Leininger, Esq.
                                        Carri S. Leininger, Esq. (eService@wlclaw.com)
                                        Florida Bar No. 0861022
                                        Jessica L. Gregory, Esq.
                                        Florida Bar No. 92019
                                        Attorney for Plaintiff Auto-Owners Insurance
                                        Williams, Leininger & Cosby, P.A.
                                        11300 US Highway One, Suite 300
                                        North Palm Beach, Florida 33408
                                        Telephone No. (561)615-5666
                                        Facsimile No. (561)615-9606